MARTIN BECKHARD

*v.*

JAMES RUDOLPH et al.

[Submitted March 27th, 1905. Decided November 20th, 1905.]

Relief by appeal from chancery is only for persons aggrieved by the order or decree in question.

On appeal of Monroe V. Poole, defendant. On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevenson, whose opinion is reported *ante p. 315.*

*Messrs. Parker & Van Gelder,* for the appellant, Monroe V. Poole.

*Mr. Thomas P. McKenna,* for the respondents Chandler & Maps and Otto H. Wickliffe.

The opinion of the court was delivered by

PITNEY, J.

This appeal was argued together with the appeal taken by Robert C. Adamson & Son from the same decree. Upon their appeal the decree has been reversed because it failed to provide payment of their claim out of the fund in court. The facts are sufficiently recited in the opinion just delivered upon the Adamson appeal.

The Messrs. Adamson, the respondents Chandler & Maps, and the appellant, Poole, in that order, were successive claimants upon the fund in dispute. The claims of Adamson and of Chandler & Maps aggregate more than the amount of the fund. The vice-chancellor decided against the Adamson and Poole claims and allowed that of Chandler & Maps. The decision of

this court upon the Adamson appeal allows the Adamson and Chandler & Maps claims, thereby exhausting the fund.

Poole's petition of appeal set forth that he was aggrieved by the decree below in that it ordered payment of the claim of Chandler & Maps and did not allow payment of the claims of Adamson, Poole and Wickliffe. It is obvious that the disallowance of the claims of Adamson and Wickliffe was not detrimental to Poole. The only respects in which the decree under review could constitute a grievance to him are that it disallowed his claim and allowed the admittedly prior claim of Chandler & Maps.

While Poole's petition of appeal asserts that the claim of Chandler & Maps ought to have been disallowed, it was conceded upon the argument here that the only criticism made upon it is untenable in view of the proofs.

This court having allowed claims that are prior in point of time to that of the present appellant, and sufficient in amount to exhaust the entire fund in court, the result is a denial of relief to Poole, not because his stop notice was invalid, but because at the time his notice was served the moneys in the hands of the owner, due from him to the contractor, had been exhausted by prior valid stop notices.

Relief by appeal from chancery is only for "persons *aggrieved*" by the order or decree in question. *Chancery act* § *111; P. L. 1902 p. 545; Attorney-General* v. *Paterson, 9 N. J. Eq. (1 Stock.) 624; Coryell* v. *Holcombe, 9 N. J. Eq. (1 Stock.) 650; Green* v. *Blackwell, 32 N. J. Eq. (5 Stew.) 768; 2 Cyc. 633.*

There being nothing in the decree under review by which the appellant is legally aggrieved, it follows that, so far as challenged by his appeal, the decree must be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY—12.

*For reversal*—None.